IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY MCELVY, *et. al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:19-CV-1264-N |
| SOUTHEWESTERN CORRECTIONAL, LLC, *et. al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants LaSalle Management Company, LLC ("LaSalle") and Southwestern Correctional LLC's ("Southwestern") motion to dismiss [44]. For the following reasons, the Court grants the motion.

### I. ORIGINS OF THE DISPUTE

Plaintiffs Kyra McElvy, Gregory McElvy, Sr., and Tina McElvy (collectively, "Plaintiffs") filed this lawsuit against LaSalle, Southwestern, and a number of individual defendants six years after Gregory McElvy ("Decedent") experienced a medical emergency which led to his death while in custody at the Johnson County Enforcement Center. Pltfs.' Compl. 3. Southwestern, a subsidiary of LaSalle, operates the Enforcement Center under contract with Johnson County. *Id.* at 6. Plaintiffs allege that LaSalle and Southwestern, together with the individually named defendants, engaged in civil rights violations that ultimately resulted in Decedent's death. Plaintiffs raise both federal claims

under 42 U.S.C. § 1983 and state law claims of wrongful death, negligence, and gross negligence. LaSalle and Southwestern have filed a motion to dismiss all claims.

## II. Rule 12(b)(6) Legal Standard

When ruling on a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

## III. Plaintiffs Have Not Pled Fraudulent Concealment With Sufficient Particularity

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise

MEMORANDUM OPINION AND ORDER – PAGE 2

some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The Supreme Court has held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the general statute of limitations for personal injury actions is two years. *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998). The time of accrual begins when the "'plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). Furthermore, the Texas statute of limitations for wrongful death claims is two years and begins to accrue on the date of death. TEX. CIV. PRAC. & REM. CODE § 16.003(b). Thus, all of G. McElvy and T. McElvy's claims, including the pendant state law claims, are facially barred by limitations unless they have adequately pled a basis for tolling.

A few circumstances, including disability or fraudulent concealment, may toll limitations. "Allegations of fraudulent concealment must satisfy the Rule 9(b) requirements." *In re Energy Transfer Partners Nat. Gas Litig.*, No. 4:07-CV-3349, 2009 WL 2633781, at *13 (S.D. Tex. Aug. 26, 2009); *see also Aperia Sols., Inc. v. OLB Group, Inc.*, 3:18-CV-03276-X, 2020 WL 4431945, at *7 (N.D. Tex. July 30, 2020).

Rule 9(b) states that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "'At a minimum', this Rule requires [Parties] to plead the 'who, what, when, where, and how of the alleged fraud,' and 'where allegations are based on information and belief, the complaint must set forth a factual basis

MEMORANDUM OPINION AND ORDER – PAGE 3

for such belief.'" *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, No 19-30995, 2020 WL 5015453, at *3 (5th Cir. 2020) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). In this case, Plaintiffs have not stated with sufficient particularity the circumstances constituting fraud for fraudulent concealment. Plaintiffs do not identify which of the Defendants withheld information concerning Decedent's medical emergency (the "who"). Plaintiffs allege that Defendants circulated rumors regarding the circumstances of Decedent's death but do not specify who made these or how they were spread (the "who" and the "how"). Pl.'s Second Amend. Compl. 4. Plaintiffs allege that they learned of the true circumstances of Decedent's death at the end of 2018, but do not specify how they learned this (the "how"). *Id.* at 5. Thus, Plaintiffs have not pled fraudulent concealment with the specificity required by Rule 9(b). Because only G. McElvy and T. McElvy have pled fraudulent concealment to toll the statute of limitations here, all their claims, including pendant state law claims, are dismissed. Because K. McElvy has pled disability to toll the statute of limitations, her claims are not dismissed on this basis.

### IV. PLAINTIFFS HAVE NOT ADEQUATELY PLED A CUSTOM OR POLICY

The Fifth Circuit has found that private prison-management corporations may be sued under 42 U.S.C. § 1983. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 439, 461 (5th Cir. 2003). Section 1983 does not permit vicarious liability for municipalities. "In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under a § 1983 on a *respondeat superior* liability." *Monell v. Dep't. of Soc. Servs. of City of New York*, 436

MEMORANDUM OPINION AND ORDER – PAGE 4

U.S. 658, 691 (1978) (emphasis in original). Furthermore, a private corporation is not subject to vicarious liability under section 1983, either. *Burleson v. Med. Provider at LaSalle Sw. Corr.*, No. 3:16-CV-2534-B-BH, 2017 WL 3053072, at *2 (N.D. Tex. June 19, 2017) (citing *Carter v. Sw. Corr.*, No. 3:15-CV-2072, 2015 WL 6442751, at *2 (W.D. La. Sept. 28, 2015)). Municipality or corporate liability under section 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694, 698). If plaintiffs do not sufficiently plead all three elements, they run the risk of collapsing their claim into one of respondeat superior liability. *Id.* at 580.

There are two ways of defining an "official custom or policy" for the purposes of *Monell* liability:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)). Plaintiffs have not alleged any official statement or regulation. Instead, Plaintiffs allege a widespread custom of deliberate indifference to prisoners' medical needs. Pltfs.' Second Am. Compl. 17.

MEMORANDUM OPINION AND ORDER – PAGE 5

A single act or incident is not a custom. "There must be a consistent and widespread practice." *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (quoting *Piotrowski,* 237 F.3d at 581). Plaintiffs have plausibly alleged a pattern of conduct among Johnson County Enforcement Center staff of ignoring medical concerns. However, Plaintiffs have not adequately pled actual or constructive knowledge of this pattern of conduct to an identifiable governing body or policymaker.

The precise identity of a policymaker is a question of law, but a plaintiff must still allege that "'[a]ctual or constructive knowledge' is attributed to a . . . policymaker." *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017)); *see also Blanchard-Daigle v. Greers*, 802 Fed.Appx. 113, 117 (5th Cir. 2020) ("Indeed, we said that naming the entity that acted under the policy was fundamental.") (citing *Groden v. City of Dallas*, 826 F.3d 280, 284 n.4 (5th Cir. 2016)); *Mohamad for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 616 (N.D. Tex. May 18, 2017) ("Even though the operative pleading need not 'supply an answer to the legal question of the specific identity of the city's policymaker under the relevant statutory scheme' . . . he needs to plead 'some facts [that] establish that the challenged policy was promulgated or ratified by the city's policymaker.'") (quoting *Groden*, 826 F.3d at 282). Here, Plaintiffs inappropriately group Southwestern and LaSalle together, and thus it is unclear who did or should have had knowledge of staff behavior and whether any policymaker might have ratified the policy. Accordingly, all section 1983 claims against the corporate defendants must be dismissed.

## CONCLUSION

The Court finds that Plaintiffs T. McElvy and G. McElvy have not pled fraudulent concealment with enough specificity to overcome the statute of limitations. Thus, all of their claims, including pendant state law claims, are barred by the statute of limitations. All of T. McElvy and G. McElvy's claims, including pendant state law claims, are dismissed. Furthermore, all Plaintiffs have failed to plead the necessary elements to establish a custom or policy for municipal liability under section 1983. Thus, all section 1983 claims against Southwestern and Lasalle are dismissed without prejudice. The Court grants Plaintiffs leave to amend their pleadings with in thirty (30) days of this Order. If Plaintiffs do not replead within that time, the Court will dismiss with prejudice without further notice. This Order does not affect Plaintiffs' claims against individual defendants.

Signed September 1, 2020.

_____
David C. Godbey
United States District Judge