IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY MCELVY, *et. al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1264-N |
| | § | |
| SOUTHEWESTERN | § | |
| CORRECTIONAL, LLC, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants LaSalle Management Company, LLC ("LaSalle"), Southwestern Correctional LLC ("Southwestern"), Kelli Burk, Wilson Wimberley, and Joann Russell's motion to dismiss [84]. For the following reasons, the Court grants in part and denies in part the motion.

### I. ORIGINS OF THE DISPUTE

Plaintiffs Kyra McElvy, Gregory McElvy, Sr., and Tina McElvy (collectively, "Plaintiffs") filed this lawsuit against LaSalle, Southwestern, and a number of individual defendants six years after Gregory McElvy ("Decedent") died while in custody at the Johnson County Enforcement Center. Pls.' Third Am. Compl. ¶¶ 1–3 [73]. Southwestern, a subsidiary of LaSalle, operates the Enforcement Center under contract with Johnson County. *Id.* ¶ 12. Plaintiffs allege that LaSalle and Southwestern, together with the individually named defendants, engaged in civil rights violations that resulted in Decedent's death by failing to provide timely medical care.

ORDER – PAGE 1

Police arrested Decedent on September 13, 2013 and took him to the Johnson County Enforcement Center. *Id.* ¶¶ 1–2. At intake, Decedent informed the Enforcement Center staff that he suffered from asthma and that he used heroin. *Id.* The next day, Decedent began complaining that he could not breathe due to heroin withdrawal and asthma. *Id.* According to Plaintiffs, Decedent repeatedly asked for medical assistance over the following days as his condition deteriorated but the Enforcement Center staff did not provide medical treatment or transfer him to the infirmary. *Id.* On September 15, 2013, Decedent stopped breathing and was taken to a hospital where he was pronounced dead. *Id.* ¶¶ 2–3.

According to Plaintiffs, representatives of the jail first told T. McElvy and her sister during separate telephone calls that Decedent died from swallowing a bag of drugs during his arrest. *Id.* ¶ 27. When jail officials then refused to disclose information to G. McElvy by phone, he drove to the jail, where an employee told him Decedent "had some sort of an asthma attack, had been given an inhaler" and then died. *Id.* ¶ 28. Plaintiffs later learned the medical examiner determined Decedent died of "'natural causes' as a result of asthma complicated by acute bronchopneumonia" and that the Johnson County Sheriff stated "the doctors told him that there was nothing they could do when [Decedent] became ill." *Id.* ¶ 29. Plaintiffs claim they "accepted the conclusion that asthma had been the true cause of [Decedent's] death and that the doctors in the jail could not have done anything to save his life" until a reporter contacted them in October 2018 regarding her investigation of an alleged pattern of inmate deaths at facilities operated by the corporate defendants. *Id.* ¶ 29–30. Plaintiffs filed this lawsuit on May 24, 2019 raising both federal claims under 42

ORDER – PAGE 2

U.S.C. § 1983 and state law claims of wrongful death, negligence, and gross negligence. LaSalle, Southwestern, and individual defendants Kelli Burk, Wilson Wimberley, and Joann Russell have filed a motion to dismiss all claims.

## II.  RULE 12(B)(6) LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (internal citations omitted).

### III.  NOT ALL OF PLAINTIFFS' CLAIMS ARE
### BARRED BY THE STATUTE OF LIMITATIONS

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The Supreme Court has held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).  In Texas, the general statute of limitations for personal injury actions is two years. *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).  The time of accrual begins when the "'plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).  Furthermore, the Texas statute of limitations for wrongful death claims is two years and the claim accrues on the date of death.  TEX. CIV. PRAC. & REM. CODE § 16.003(b).  Because Decedent died on September 15, 2013 and this case was filed on May 24, 2019, all of Plaintiffs' claims, including the pendant state law claims, are facially barred by limitations unless they have adequately pled a basis for tolling.  The statute of limitations may be tolled due to disability, fraudulent concealment, or the discovery rule.

#### A.  Plaintiffs' Fraudulent Concealment Allegations
#### Satisfy Rule 9(b) as to Southwestern Only

"Allegations of fraudulent concealment must satisfy the Rule 9(b) requirements." *In re Energy Transfer Partners Nat. Gas Litig.*, 2009 WL 2633781, at *13 (S.D. Tex. Aug.

ORDER – PAGE 4

26, 2009); *see also Aperia Sols., Inc. v. OLB Group, Inc.*, 2020 WL 4431945, at \*7 (N.D. Tex. July 30, 2020).   Rule 9(b) states that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  "'At a minimum', this Rule requires [Plaintiffs] to plead the 'who, what, when, where, and how of the alleged fraud,' and 'where allegations are based on information and belief, the complaint must set forth a factual basis for such belief.'"  *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).  Plaintiffs must satisfy Rule 9(b) with respect to each defendant to successfully plead fraudulent concealment.  *See In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, 988 F. Supp. 2d 696, 722–23 (E.D. La. 2013).

In this case, most of Plaintiffs' allegations do not state the circumstances constituting fraud for fraudulent concealment with sufficient particularity.  The Court has identified five different bases for fraudulent concealment alleged in the complaint and considers each in turn:

***1. Plaintiffs' Fraudulent Concealment Allegations Regarding Southwestern's Communications with T. McElvy Satisfy Rule 9(b).*** – Plaintiffs' Third Amended Complaint includes enough information to cure the deficiencies with respect to T. McElvy's communications with Southwestern.  The complaint specifies that "on or about November 16, 2013," T. McElvy spoke with a nurse from the Johnson County jail by telephone and that the nurse falsely told T. McElvy that Decedent died from swallowing a bag of drugs during his arrest and that nothing could have been done to save him.  Pls.'

Third Am. Compl. ¶ 27.  These allegations are sufficient to indicate the "who, what, when, where, and how" of the fraud.  The Court recognizes that ordinarily the plaintiff must specify the "identity" of the speaker.  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).  However, Southwestern is well-positioned to identify which of their own employees made this statement, and the Rule 9(b) pleading requirements may be relaxed where information is peculiarly in the possession of the defendant.  *Middaugh v. InterBank*, 2021 WL 1100425, at *19 (N.D. Tex. Mar. 23, 2021) (citing *Thompson*, 125 F.3d at 903).  This exception is not a "license to base claims of fraud on speculation and conclusory allegations."  *Id.*  Plaintiffs' allegations here do not implicate these concerns because they are based on personal experience, are not speculative or conclusory, and put Southwestern on sufficient notice as to the circumstances of the alleged fraud.

Defendants argue this statement is insufficient to establish fraudulent concealment because the speaker is not a named defendant.  Mot. to Dismiss 22–24.  Defendants have failed to establish that their employees' acts are not attributable to them for purposes of fraudulent concealment or that Plaintiffs must name the employee making a fraudulent statement as a party to meet the pleading requirements here.  Therefore, the Court holds Plaintiffs have satisfied the Rule 9(b) particularity requirements with respect to the alleged phone call between T. McElvy and a nurse employed by Southwestern.

*2.  **Plaintiffs' Fraudulent Concealment Allegations Regarding Jail Employees' Communications with G. McElvy Are Insufficient Because There Was No Duty to Disclose.*** – Plaintiffs similarly allege that employees at the jail fraudulently concealed the injuries here when G. McElvy contacted the jail to confirm and learn more about

ORDER – PAGE 6

Decedent's death.  Pls.' Third Am. Compl. ¶ 28.  The complaint alleges the jail employees refused to give G. McElvy information over the phone and that when he visited the jail, an "official in a uniform . . . refused to let [G. McElvy] see his son's body" and said Decedent "had some sort of an asthma attack, had been given an inhaler, and then [was] taken to the hospital, but had passed away." *Id.*  However, the operators of the jail did not owe G. McElvy a duty to disclose. *See Robinson v. Webster Cnty.*, 825 F. App'x. 192, 195–96 (5th Cir. 2020) (unpub.) (noting there is no special relationship between the state and an inmate's wife because special relationships with prisoners are based on the state's restriction of a person's liberty and ability to act on their own behalf).  The complaint fails to explain how the alleged statements made to G. McElvy were otherwise fraudulent.  Therefore, the Court holds these allegations do not satisfy the Rule 9(b) particularity requirements.

### 3. Plaintiffs' Fraudulent Concealment Allegations Against the Johnson County Sheriff and the Tarrant County Medical Examiner Are Insufficient. – Without

addressing arguments related to the sheriff's and medical examiner's status as nonparties, the Court holds the fraudulent concealment allegations against them fail to meet the Rule 9(b) particularity requirements.  The complaint alleges a Cleburne newspaper story dated November 12, 2013 included false statements made by Sheriff Alford and reported the medical examiner's determinations regarding the cause of Decedent's death.  Pls.' Third Am. Compl. ¶ 29.  However, these allegations describe only the content of the statements and the speakers without explaining the circumstances under which they were made.

Plaintiffs also do not explain how the medical examiner's reported findings were fraudulent.  Therefore, these allegations do not satisfy Rule 9(b).

     ***4.  Plaintiffs' Fraudulent Concealment Allegations Regarding the Firing of a Southwestern Employee Are Insufficient.*** – Plaintiffs allege in passing that "the LaSalle corporate defendants sought to conceal their overall institutional [misconduct] by selecting the lowest-ranking nurses' aide and firing her as the scapegoat for [Decedent's] death." Pls.' Third Am. Compl. ¶ 14.  The complaint does not sufficiently explain how this act fraudulently concealed the injury in this case, when the termination occurred, or which defendant terminated the employee.  Therefore, the allegation does not satisfy the particularity requirements of Rule 9(b).

     ***5.  Plaintiffs Have Not Otherwise Sufficiently Alleged Facts to Establish Fraudulent Concealment.*** – Plaintiffs continue to vaguely allege that Defendants as a group "circulated the untrue account" that Decedent died from ingesting drugs during his arrest but do not specify the "who" or the "how" beyond the phone call with T. McElvy discussed above.  Pl.'s Third Am. Compl. ¶ 4.

     Finally, Plaintiffs cite cases from other federal circuits for the proposition that where there are multiple defendants participating in an alleged fraud, a plaintiff need not allege every defendant made a fraudulent statement and must only inform each defendant of his participation in the fraudulent scheme.  Pls.' Resp. 28 [93].  Without deciding that this is the applicable standard in this circuit, the Court holds Plaintiffs have not alleged each defendant's participation in a fraud.  Plaintiffs include a table in their response allegedly describing each defendant's participation in the fraudulent scheme, but the allegations in

the table describe the participation in the civil rights violations rather than the fraud. *See id.* at 28–30. Thus, Plaintiffs have not pled fraudulent concealment with the specificity required by Rule 9(b) except as to Southwestern.

### B. *Plaintiffs Have Pled Facts Sufficient to Make Diligence Plausible*

To receive tolling of the statute of limitations due to fraudulent concealment, a plaintiff must establish "(1) the defendants concealed the existence of the violation and (2) the plaintiff, despite due diligence, failed to discover the facts that form the basis of his claim." *In re Energy Transfer Partners Nat. Gas Litig.*, 2009 WL 2633781, at *13 (S.D. Tex. 2009) (citing *Texas v. Allan Constr. Co.*, 851 F.2d 1526, 1528 (5th Cir. 1988)). For diligence purposes related to tolling the statute of limitations, "if information is available in public records, the plaintiff has constructive knowledge of those records, and such constructive knowledge is deemed actual notice." *Petras v. Mole*, 2013 WL 12362098, at *2 (N.D. Tex. Jan. 31, 2013) (citing *Mooney v. Harlin*, 622 S.W.2d 82, 85 (Tex. 1981)). However, "even though a plaintiff might have inquiry notice of a potential claim, it does not necessarily follow that reasonable diligence will discover sufficient facts to support legal action." *Allan Constr. Co.*, 851 F.2d at 1533 (noting summary judgment for lack of diligence is only appropriate where the evidence is "so compelling that no reasonable jury could consider [plaintiff's actions] reasonably diligent").

Defendants argue the medical examiner's report is a public record and Plaintiffs are charged with notice of its contents such as Decedent's official cause of death. By Plaintiffs' own admission, in 2013 they discovered the cause of death determined by the medical examiner:

ORDER – PAGE 9

> [T]he findings of the Tarrant County Medical Examiner[] were reported in a news story that appeared in the Cleburne newspaper on November 12, 2013 . . . . When Gregory McElvy (Sr) was so advised about the findings by the medical examiner . . . he was relieved to learn that a drug overdose had not been the actual cause of his son's death.

Pls.' Third Am. Compl. ¶ 29.  However, the medical examiner's report itself is not in the record before the Court.  On the record presently before the Court, the only information from the medical examiner with which Plaintiffs are charged with notice is that Decedent died of "'natural causes' as a result of asthma complicated by acute bronchopneumonia." *Id.* ¶ 29.  Defendants fail to explain how knowledge of the medical examiner's cause of death determination necessarily should have led Plaintiffs to discover the alleged facts that form the basis of this claim: that jail officials allegedly provided inadequate medical assistance causing Decedent to die from treatable drug withdrawal symptoms.  Plaintiffs pled that they spoke to jail officials by telephone multiple times, G. McElvy visited the jail in person demanding information, and G. McElvy contacted a newspaper for more information before Plaintiffs ultimately determined Decedent's death was unpreventable. The Court is unwilling to hold at this stage that the facts in the complaint negate diligence as a matter of law.  Plaintiffs have pled enough facts that a finding of diligence and fraudulent concealment as to Southwestern is plausible, so Plaintiffs' claims against Southwestern are not time barred on the face of the pleadings.

### C.  The Discovery Rule Does Not Apply Because Plaintiffs' Injuries Are Not Inherently Undiscoverable

In their response, Plaintiffs raise the discovery rule as an alternative reason to toll the statute of limitations in this case.[1]  However, the discovery rule does not apply to the causes of action here.  The discovery rule defers accrual of a cause of action only where "the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable."  *Cosgrave v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015).  Inherently undiscoverable injuries are those which, by their very nature, are "unlikely to be discovered within the prescribed limitations period despite due diligence."  *Beavers. v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001)).  "The inquiry focuses categorically on the type of injury alleged rather than on the circumstances of the particular case."  *Id.*  Texas law is explicit that wrongful death actions accrue at the time of death, and that wrongful death and the related causes of action here are not inherently undiscoverable.  *Estate of Mott v. FCA US LLC*, 2019 WL 1765588, at *2 (S.D. Tex. Apr. 22, 2019) (The "Texas Supreme Court has explicitly held that the discovery rule does not apply to actions resulting in death.") (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 350 (Tex. 1990)).  Because G. McElvy and T. McElvy have not successfully pled any basis to toll the statute of limitations as to

---

[1] The discovery rule need not be specifically pled in the complaint to survive a motion to dismiss in federal court.  *Levels v. Merlino*, 969 F. Supp. 2d 704, 721 (N.D. Tex. 2013).  Plaintiffs meet their pleading burden by pleading "sufficient facts to put the defendant on notice of the theories on which the complaint is based."  *Id.*  Here, the complaint repeatedly alleges facts to support Plaintiffs' argument that they could not discover their cause of action for various reasons.  This is sufficient to put Defendants on notice of the discovery rule theory advanced by Plaintiffs.

their claims against any defendant other than Southwestern, the Court dismisses all their claims, including pendant state law claims, against LaSalle, Kelli Burk, Wilson Wimberley, and Joann Russell.

K. McElvy has pled disability to toll the statute of limitations, and Defendants do not contest this argument. Pls.' Third Am. Compl. ¶ 6 ("Kyra McElvy . . . was a minor at the time of filing this lawsuit [and] turned eighteen (18) years of age on February 20, 2020 . . . ."); TEX. CIV. PRAC. & REM. CODE § 16.001. Therefore, the statute of limitations does not bar her claims.

## IV.  PLAINTIFFS HAVE ADEQUATELY PLED A CUSTOM OR POLICY WITH RESPECT TO SOUTHWESTERN

Private prison-management corporations may be sued under 42 U.S.C. § 1983. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 439, 461 (5th Cir. 2003). Section 1983 does not permit vicarious liability for municipalities. "In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* liability." *Monell v. Dep't. of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). Furthermore, a private corporation is not subject to vicarious liability under section 1983, either. *Burleson v. Med. Provider at LaSalle Sw. Corr.*, 2017 WL 3053072, at *2 (N.D. Tex. June 19, 2017) (citing *Carter v. Sw. Corr.*, 2015 WL 6442751, at *2 (W.D. La. Sept. 28, 2015)). Municipality or corporate liability under section 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578

(5th Cir. 2001) (citing *Monell*, 436 U.S. at 694, 698).  If plaintiffs do not sufficiently plead all three elements, they run the risk of collapsing their claim into one of respondeat superior liability.  *Id.* at 580.

There are two ways of defining an "official custom or policy" for the purposes of *Monell* liability:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)).  Plaintiffs have not alleged any official statement or regulation.  Instead, Plaintiffs allege a widespread custom of deliberate indifference to prisoners' medical needs.  Pls.' Third Am. Compl. ¶¶ 41–43.

A single act or incident is not a custom.  "There must be a 'persistent and widespread practice.'"  *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (quoting *Piotrowski,* 237 F.3d at 581).  Plaintiffs have plausibly alleged a pattern of conduct among Southwestern staff of ignoring medical concerns; the complaint lists ten inmate deaths allegedly resulting from failure to provide medical care in facilities operated by Southwestern from 2010 to 2019, including three from the Johnson County jail.  Pls.' Third Am. Compl. ¶ 3.  Defendants argue these allegations are insufficient to establish the

existence of a custom or policy in 2013 because most of the deaths occurred later than 2013. Mot. to Dismiss 18, 40–41, 43. However, even if these incidents would ultimately be insufficient to establish liability, the Court holds the allegations are sufficient at the motion to dismiss stage to allow the Court to draw a reasonable inference that Southwestern is liable for the misconduct alleged. Therefore, Plaintiffs' allegations of custom are sufficient to survive a motion to dismiss if the complaint alleges actual or constructive knowledge of this pattern of conduct to an identifiable governing body or policymaker.

The precise identity of a policymaker is a question of law, but a plaintiff must still allege that "'[a]ctual or constructive knowledge of such custom' is attributed to a . . . policymaker." *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017)); *see also Blanchard-Daigle v. Greers*, 802 F. App'x 113, 117 (5th Cir. 2020) (unpub.) ("Indeed, we said that naming the entity that acted under the policy was fundamental.") (citing *Groden v. City of Dallas*, 826 F.3d 280, 284 n.4 (5th Cir. 2016)); *Mohamad for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 616 (N.D. Tex. May 18, 2017) ("Even though the operative pleading need not 'supply an answer to the legal question of the specific identity of the city's policymaker under the relevant statutory scheme' . . . he needs to plead some 'facts [that] establish that the challenged policy was promulgated or ratified by the city's policymaker.'") (quoting *Groden*, 826 F.3d at 282).

ORDER – PAGE 14

### A. Plaintiffs Have Stated Enough Facts to Plausibly Allege
### Southwestern Policymakers Knew of the Custom

In this case, Plaintiffs list two identifiable policymakers employed by Southwestern specifically: (1) the warden of the Johnson County jail, defendant Eddie Williams, (2) the Health Services Administrator, defendant Kelli Burk.  Pls.' Third Am. Compl. ¶ 44. Plaintiffs allege Williams is responsible for staffing and operations of the jail, and that Burk is responsible for hiring, training, and supervising heath care personnel at the jail. The complaint also alleges enough facts, such as other specific inmate deaths at the Johnson County facility, to plausibly claim these officials had actual or constructive knowledge of the widespread practice.  These allegations are sufficient to plead a custom with respect to Southwestern, the entity that directly employs Williams and Burk.  Therefore, the Court denies the motion to dismiss as to the section 1983 *Monell* claims against Southwestern.

### B. Plaintiffs Have Not Stated Enough Facts to Plausibly Allege
### LaSalle Policymakers Knew of the Custom

Plaintiffs allege its claims against LaSalle are proper because LaSalle and Southwestern both exercise operational control over the Johnson County jail.  Plaintiffs base this claim on (1) a LaSalle insurance policy listing Southwestern as an additional insured [73-4], (2) an operational contract between "LaSalle Corrections, L.L.C." and Johnson County listing the Southwestern headquarters address as the address of LaSalle's CFO [73-5], (3) a Louisiana trade name registration listing "LaSalle Corrections" as a trade name for LaSalle [73-3], and (4) LaSalle's website using the name "LaSalle Corrections." Pls.' Third Am. Compl. ¶ 12.  Additionally, Plaintiffs note LaSalle has been joined in

multiple lawsuits based on inmate deaths at facilities operated by Southwestern. *Id.* ¶¶ 12, 45.

The facts in the complaint certainly support an inference that LaSalle and Southwestern are closely affiliated with one another. *See* Pls.' Exhibit C [73-3] (LaSalle's website's "About Us" section reads: "Our Texas-based affiliate operates under the name LaSalle Southwest."). However, Plaintiffs have not alleged facts supporting a reasonable inference that LaSalle retains operational control or policymaking authority over the Johnson County facility or other facilities directly operated by Southwestern. Additionally, the only LaSalle employee identified with policymaking authority is Rodney Cooper, the director of LaSalle's Texas-based operations. Pls.' Third Am. Compl. ¶ 44. But there are no specific factual allegations which allow the Court to reasonably infer that Rodney Cooper had actual or constructive knowledge of the widespread custom allegations at the center of this lawsuit. Thus, it is unclear which LaSalle employees did or should have had knowledge of staff behavior at the Johnson County facility and whether any LaSalle policymaker might have ratified the policy. Accordingly, the Court dismisses all section 1983 claims against LaSalle Management.

## V. PLAINTIFFS HAVE NOT STATED A FAILURE TO TRAIN CLAIM AGAINST ANY DEFENDANT

To state a claim for failure to train or supervise under a theory of deliberate indifference, Plaintiffs must allege that: "(1) [the defendant's] training policy procedures were inadequate, (2) [the defendant] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused" Plaintiffs' injuries. *Sanders-*

*Bern v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010).  Under the second element, a plaintiff must show that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need."  *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Generally, inadequate training requires a showing of a pattern.  *Connick v. Thompson*, 563 U.S. 51, 62–63 (2011); *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 & n.34 (5th Cir. 2005) ("Notice of a pattern of *similar* violations is required.") (emphasis in original).  To establish deliberate indifference, "there must be 'actual or constructive notice' 'that a *particular omission* in their training program causes . . . employees to violate citizens' constitutional rights' and the actor nevertheless 'choose[s] to retain that program.'"  *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 61) (emphasis added).  In *Connick*, the Supreme Court held that a pattern of *Brady* violations by a single prosecutor's office did not establish a sufficiently similar pattern of constitutional violations to support a failure to train claim because the past violations did not involve failure to disclose the same type of evidence.  *Connick*, 563 U.S. at 62–63.

Plaintiffs' claims for failure to train or supervise employees fail for the same reasons: the complaint does not allege a pattern of sufficiently similar constitutional violations to satisfy the exacting standard set by the Supreme Court for failure to train claims.  Plaintiffs allege that there have been ten inmate deaths at facilities operated by

Southwestern between October 2010 and June 2019 resulting from inadequate medical care, but the complaint does not allege facts showing Defendants failed to adequately treat drug withdrawals beyond the incident giving rise to this lawsuit.  Therefore, the Court dismisses Plaintiffs' claims for failure to train or supervise against all defendants.

## VI.  PLAINTIFFS' CONSTITUTIONAL CLAIMS
### AGAINST INDIVIDUAL DEFENDANTS

To state a claim against an individual under section 1983, a plaintiff must allege facts showing how each individual defendant participated in the alleged deprivation of a person's constitutional rights.  *Palm v. Marr*, 174 F. Supp. 2d 484, 488 (N.D. Tex. 2001) (citing *Lonzano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)).  A prison or jail official can be found liable under the Fourteenth Amendment for acting with deliberate indifference to a pretrial detainee's medical needs.  *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). A prison or jail official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837–40 (1994).

### A.  Plaintiffs Have Pled Sufficient Facts to State a Claim Against Joann Russell

The complaint alleges that Joann Russell personally witnessed Decedent's deteriorating medical condition and failed to ensure he obtained medical assistance despite hearing his pleas for help.  Pls.' Third Am. Compl. ¶ 19.  Plaintiffs further allege Russell "laughed and made fun of [Decedent], refused to help, told him to go sleep it off, and threatened to 'write him up' unless he stopped buzzing for help."  *Id.*  The claims against

Joann Russell are specific enough to state a plausible claim that Russell possessed the requisite awareness of the risk of harm and exhibited deliberate indifference to Decedent's constitutional rights. Therefore, the Court denies the motion to dismiss the section 1983 claims against Joann Russell.

### B. *Plaintiffs Have Failed to Plead Facts Showing the Personal Involvement of Kelli Burk or Wilson Wimberley*

Plaintiffs' only allegations against Kelli Burk are that she "purposely failed and refused to provide training and specific guidance to her staff to place inmates undergoing serious symptoms of drug withdrawal in the infirmary under ongoing monitoring and treatment." Pls.' Third Am. Compl. ¶ 48. This is a conclusory failure to train claim that fails for the reasons described above. No facts in the complaint explain how Kelli Burk was personally involved in the alleged failure to provide medical care to Decedent or that Burk knew of Decedent's condition specifically. Therefore, the Court dismisses all federal claims against Kelli Burk.

Plaintiffs' claims against Wilson Wimberley are even less specific and are conclusory claims premised solely on Wimberley's status as a supervising lieutenant in charge of other officers on duty. To the extent these claims are based on a failure to train or supervise, they fail for the reasons above. Plaintiffs vaguely allege that Wimberley "was advised of [Decedent's] urgent and critical medical needs, but did not take sufficient steps to assure that he received proper medical care." Pls.' Third Am. Compl. ¶ 20. Plaintiffs fail to allege facts that explain how Wimberley became aware of Decedent's condition or why he was personally responsible for Decedent's medical care. Because these allegations

ORDER – PAGE 19

do not include sufficient facts to plausibly claim Wimberley had any personal involvement in a deprivation of constitutional rights, the Court dismisses all federal claims against Wilson Wimberley.

### VII.  PLAINTIFFS HAVE SUFFICIENTLY PLED STATE LAW CLAIMS AGAINST SOUTHWESTERN AND JOANN RUSSELL

Common law negligence requires proof of (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) damages proximately resulting from the breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).  For the same reasons stated above in the analysis of Plaintiffs' federal claims, the allegations in the complaint are sufficiently detailed to state a common law negligence claim against Southwestern and Joann Russell.  Because Plaintiffs have not pled sufficient facts showing their involvement in Decedent's care, the Court dismisses the negligence claims against LaSalle, Burk, and Wimberley.

Gross negligence includes an objective and a subjective element and requires the plaintiff to prove:

> 1) when viewed objectively from the defendant's standpoint at the time of the event, [defendant's] act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*U-Haul Int'l., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).  A corporation is liable for the gross negligence of its agents where the corporation authorizes or ratifies an agent's gross negligence or if it is grossly negligent in hiring an unfit agent.  *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).  Additionally, a corporation is liable if it

commits gross negligence through a vice principal, such as a corporate officer or other employee with managerial duties. *Id.* at 922.  For the same reasons stated above in the analysis of Plaintiffs' federal claims, the complaint contains enough facts to state a gross negligence claim against Joann Russell.  However, the complaint does not state a gross negligence claim against Southwestern, because Plaintiffs do not allege that Southwestern or LaSalle specifically ratified or authorized Russell's actions in this case, or that Russell held a managerial role making her a vice principal.  The complaint's factual allegations against the remaining individual defendants are not sufficiently detailed to state a gross negligence claim.  Accordingly, the Court dismisses the gross negligence claims against Southwestern, LaSalle, Burk, and Wimberley.

Under Texas law, a plaintiff can recover for wrongful death if the death "was caused by the [defendant's] or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default."  TEX. CIV. PRAC. & REM. CODE § 71.002.  To recover on a wrongful death claim for a section 1983 violation, a plaintiff must prove "both the alleged constitutional deprivation required by § 1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute."  *Montano v. Orange Cnty.*, 842 F.3d 865, 882 (5th Cir. 2016).  Because Plaintiffs have successfully stated claims for wrongful conduct only against Southwestern and Joann Russell, the Court denies the motion to dismiss as to the wrongful death claims against them.  The Court dismisses the wrongful death claims against LaSalle, Wimberley, and Burk.

ORDER – PAGE 21

### VIII.  PLAINTIFFS HAVE NOT STATED A FIFTH OR EIGHTH AMENDMENT CLAIM

Finally, the Court addresses Plaintiffs' constitutional claims under the Fifth and Eighth Amendments.  Because Decedent was being held pretrial, the source of his constitutional rights to adequate medical care was the Fourteenth Amendment Due Process Clause.  *Hare v. City of Corinth Ingraham v. Wright*, 74 F.3d 633, 648 49 (5th Cir. 1996) (noting the different sources of constitutional rights of pretrial detainees and convicted inmates).  Additionally, the Fifth Amendment's Due Process Clause protections apply only to the federal government, and Plaintiffs do not explain how any other clause of the Fifth Amendment applies to their claims.  *Villegas v. City of El Paso*, 2020 WL 981878, at *14 (W.D. Tex. Feb. 28, 2020) (citing *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)).  Therefore, the Court dismisses all claims based directly on Eighth Amendment and Fifth Amendment violations.

### CONCLUSION

Gregory McElvy, Sr.'s and Tina McElvy's claims are barred by the statute of limitations except as to Southwestern.  The Court grants the motion to dismiss as to all claims against LaSalle Management Company LLC, Kelli Burk, and William Wimberley.  The Court grants the motion to dismiss all section 1983 claims based on a failure to train or supervise.  The Court denies the motion to dismiss Plaintiffs' common law negligence, wrongful death, and remaining section 1983 claims against Southwestern.  The Court denies the motion to dismiss Kyra McElvy's common law negligence, gross negligence, wrongful death, and remaining section 1983 claims against Joann Russell.  The Court grants the motion to dismiss as to all other claims.

ORDER – PAGE 22

Signed September 29, 2021.


David C. Godbey
United States District Judge