IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY MCELVY, *et. al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1264-N |
| | § | |
| SOUTHEWESTERN CORRECTIONAL, LLC, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' motion to compel discovery [129] and motion for sanctions [140]. For the following reasons, the Court grants in part and denies in part the motion to compel and denies the motion for sanctions.

### I. THE DISCOVERY DISPUTE

Plaintiffs Kyra McElvy, Gregory McElvy, Sr., and Tina McElvy filed this lawsuit against LaSalle Management Company, LLC ("LaSalle"), Southwestern Correctional LLC ("Southwestern"), and several individual defendants after Gregory McElvy ("Decedent") died while in custody at the Johnson County Enforcement Center (the "Enforcement Center") in 2013. Pls.' Third Am. Compl. ¶¶ 1–3 [73]. Plaintiffs allege that LaSalle and Southwestern, together with the individually named defendants, engaged in civil rights violations that resulted in Decedent's death by failing to provide timely medical care. Plaintiffs further allege that LaSalle and Southwestern have implemented cost-saving

MEMORANDUM OPINION AND ORDER – PAGE 1

policies in their facilities that result in prisoners receiving inadequate medical care. *See id.* ¶¶ 55, 61.

In June 2021, Plaintiffs propounded discovery requests on all defendants and Defendants responded with numerous objections to nearly all of the requests in July 2021. *See* Pls.' App. 1–55 [130]; Pls.' Mot. to Compel. Plaintiffs filed this motion to compel discovery responses and the Court subsequently dismissed all claims against LaSalle. *See* Mem. Op. and Order, Sept. 29, 2021 [132]. Plaintiffs later moved for sanctions related to Defendants' discovery conduct primarily involving the movement of files to a new storage location after receiving Plaintiffs' discovery requests. *See* Pls.' Mot. for Sanctions.

Since the filing of the motions and the hearing on the motion to compel, the parties have substantially narrowed the scope of the discovery dispute. *See* Pls.' Mot. to Compel; Pls.' Suppl. Reply Br. [171]. This Order addresses the motion for sanctions and the remaining dispute over requests for production 20 and 30.

## II. LEGAL STANDARD FOR MOTION TO COMPEL

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show

MEMORANDUM OPINION AND ORDER – PAGE 2

that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART PLAINTIFFS' MOTION TO COMPEL

#### A. Request for Production 20

Request for production 20 asks for financial documents showing the profit and loss performance of LaSalle and Southwestern. As originally written, the request sought the following:

> Financial records stating the Profit/Loss performance for LaSalle Management Company, LLC, Southwest Correctional, LLC, and all related or affiliated entities within such structure, for 2012, 2013, 2014, 2015, 2016, and 2017, including records showing payments of earnings transmitted from each entity within such structure to any others within such structure for such years.

Pls.' App. 35. By agreement, the parties have limited the scope of the disputed request to (1) tax returns and (2) profit and loss statements for LaSalle and Southwestern for the years

MEMORANDUM OPINION AND ORDER – PAGE 3

2012, 2013, and 2014.  *See* Pls.' Suppl. Reply Br. 6; Defs.' Suppl. Resp. Br. 10 [161]. Plaintiffs seek this information to show that the "[f]low of profits will demonstrate [the] role of LaSalle . . . in [the] overall operation" and because "Plaintiffs contend that reductions in medical personnel and medical treatment are used to enhance profits."  Pls.' Mot. to Compel 13; Pls.' Suppl. Reply Br. 6.  Defendants argue the request is now moot as to LaSalle and maintain their numerous original objections.

  **1. The Request is Moot as to LaSalle.** – First, the Court agrees with Defendants that the remaining disputed requests as to LaSalle are moot.  There are no active claims against LaSalle in this case.  Accordingly, the Court denies the motion to compel in its entirety as to LaSalle and proceeds to analyze the remaining requests for financial documents related to Southwestern.[1]

  **2. The Court Denies the Motion as to Southwestern's Tax Returns.** – The Court denies the motion to compel production of Southwestern's tax returns because Plaintiffs have not made a sufficient showing of need for this sensitive information.  Because "tax returns are highly sensitive documents[,] courts are reluctant to order their routine disclosure as a part of discovery." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).  While "tax returns are neither privileged nor

---

[1] The remainder of this Order concerns financial documents sought from Southwestern. The individual defendants objected to the disputed requests for production on the grounds that the documents are not within their care, custody, or control. Pls.' App. 35, 43.  While Plaintiffs argue the individual defendants remain responsible for production because they share counsel with Southwestern, *see* Pls.' Reply Br. 2 [138]; Pls.' Suppl. Resp. 2, the briefing cites no authority for this proposition.  Because the Court cannot compel production of documents not within a party's control, the Court denies the motion as to the individual defendants and proceeds to discuss Southwestern's discovery obligations.

MEMORANDUM OPINION AND ORDER – PAGE 4

undiscoverable," Courts generally require a threshold showing of relevance to compel disclosure of tax information. *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 588 (N.D. Tex. 2016).[2] Plaintiffs have not made the requisite showing because they have not explained how the contents of Southwestern's tax documents would further their case. Accordingly, the Court denies the motion to compel production of Southwestern's tax returns.

***3. The Court Grants the Motion as to Southwestern's Profit and Loss Statements from 2012 to 2014.*** – For the reasons below, the Court holds Defendants have failed to meet their burden to resist discovery as to the narrowed request for Southwestern's profit and loss statements.

First, Defendants advance several boilerplate objections that are not accompanied by an adequate explanation to resist discovery. For example, Defendants do not explain how the request fails to describe the documents sought with reasonable particularity other than noting the term "all related or affiliated entities" is undefined. But the parties' dropped that term by agreement. Nor do Defendants explain how the request is overbroad and not proportional to the needs of the case considering the factors set out in Rule 34(b), especially as this objection applies to the request as narrowed since Defendants served their original

---

[2] Upon a showing of relevance, other district courts have proceeded to determine whether there is a compelling need because the information is not obtainable through other means. *Id.* However, which party bears the burden of proof under that inquiry is less clear. *See id.* (citing cases reaching opposite conclusions). The Court need not decide this issue because Plaintiffs have not adequately shown the tax documents at issue are relevant to their claims.

MEMORANDUM OPINION AND ORDER – PAGE 5

objections and responses.³ Accordingly, these boilerplate objections do not satisfy Defendants' burden as the party resisting discovery.

Next, Defendants argue the request seeks irrelevant information. In particular, Defendants object to the temporal scope of the requests because "any information after September 2013 is not relevant to Plaintiffs' claims." Pls.' App. 36. The Court determines that the narrowed request seeking documents for the years 2012, 2013, and 2014 (a short time period centered on the time of the incident) is sufficiently tailored to seek relevant information. Courts construe relevance broadly, and this information from shortly before and after the incident is relevant to Plaintiffs' attempts to show Southwestern had a custom and policy of providing inadequate medical care to maximize profits in 2013. Defendants have not otherwise explained how the information sought is irrelevant. Thus, the Court determines Defendants have not met their burden to show that Southwestern's profit and loss statements for 2012, 2013, and 2014 are not relevant.

As to Defendants' objection that Plaintiffs' counsel may seek this information for use in other ongoing litigation against Southwestern or LaSalle, the Court notes that the compelled production is subject to the terms of the Court's Protective Order in this case. That Order allows the parties to make a confidential designation when producing

---

³ The primary case cited by Defendants in opposition to the motion on this request involved the denial of a motion to compel responses similar discovery requests in another case in which Southwestern was a defendant. *See Allen-Pieroni v. Sw. Correctional, LLC*, 2016 WL 1750325, at *6–7 (N.D. Tex. 2016). In contrast to the briefing on the present motion, the record before the court in *Allen-Pieroni* appears to have involved substantial discussion of the burden and contents of producing the discovery sought and the discovery's connection to what the plaintiffs would need to prove at trial. *See id.* Here, the Court holds only that Defendants did not meet their burden to resist disclosure.

MEMORANDUM OPINION AND ORDER – PAGE 6

documents, prohibiting the receiving party from using the designated documents for purposes other than preparation, trial, and appeal of this action. *See* Protective Order ¶¶ 2, 6 [170]. For all the reasons above, the Court grants the motion to compel Southwestern to produce its profit and loss statements for the years 2012, 2013, and 2014.[4] The Court denies the motion as to the remainder of request for production 20.

### B. Request for Production 30

Request for production 30 asks for documents "evidencing profitability of the LaSalle facility at Johnson County . . . includ[ing] such information by category, including medical staffing and expenditures." Pls.' App. 43. The parties later agreed to limit the scope of the disputed request to profit and loss statements for the jail for 2012, 2013, and 2014. *See* Pls.' Suppl. Reply Br. 6; Defs.' Suppl. Resp. Br. 13. Defendants primarily repeat their objections and arguments given in response to request for production 20. *See* Defs.' Resp. Br. 20. For the same reasons, the Court determines the request is moot as to LaSalle and Defendants have not met their burden with respect to their objections based on overbreadth and proportionality.

Defendants repeat their relevance objections regarding the temporal scope and add that no "plausible allegations in the lawsuit concern the profits at the [jail]." Pls.' App. 43. The Court again holds that the limited time frame involving profit and loss statements from the year before the incident to the year immediately after is sufficiently tailored to seek relevant information for proving a custom and policy of providing inadequate medical care

---

[4] The parties agree that Defendants are not required to create documents and cannot produce documents that do not exist. *See* Pls.' App. 35; Pls.' Mot. to Compel 10, 13.

MEMORANDUM OPINION AND ORDER – PAGE 7

in pursuit of increased profits. Here, Plaintiffs also seek to discover information about the "[a]djustment or non-adjustment to monies spent for medical care following McElvy's death" for the purpose of proving punitive or exemplary damages. Pls.' Mot. to Compel 17. Defendants did not respond to this argument regarding the relevance of documents from 2014. Accordingly, the Court holds the remaining disputed documents for this request are relevant.

Defendants assert additional objections arguing the specific terms "documents evidencing profitability" and "information by category" are vague and ambiguous. First, the agreement to narrow the requests to profit and loss statements is sufficient to overcome the objection to the first term. *See Heller v. City of Dallas*, 303 F.R.D. 466, 492 (N.D. Tex. 2014) (rejecting a defendant's vague and ambiguous objection where the requests were "not so vague or ambiguous as to be incapable of reasonable interpretation"). Second, the term "information by category" is not incapable of reasonable interpretation. This is especially true when the term is read in light of the subsequent phrase indicating that Plaintiffs primarily seek information about categorized medical care expenditures. As to the categorized nature of the requested documents, the Court stresses that Defendants are not required to create documents that do not exist. *Id.* at 485.

For all the reasons above, the Court grants the motion to compel Southwestern to produce the documents withheld based on its objections to request for production 30.

### C. Timeline for Defendants' Remaining Production of Documents

Plaintiffs ask the Court to compel Defendants to provide a timeline for answering the remaining discovery requests, noting many of Defendants' updated responses indicate

MEMORANDUM OPINION AND ORDER – PAGE 8

documents will be produced (on some unspecified date) or will be produced upon entry of a protective order. *See* Def.'s Suppl. Resp. Br.; Pls.' Suppl. Reply Br. 5. The Court has since entered a protective order, and a production date is necessary to keep discovery moving. Accordingly, the Court holds Defendants must produce the remaining documents and information within fourteen (14) days of this Order.

### IV. THE COURT DENIES PLAINTIFFS' MOTION FOR SANCTIONS

Finally, Plaintiffs move for sanctions arguing that Defendants willfully delayed discovery and improperly moved documents into storage after receiving Plaintiffs' discovery requests. *See* Pls.' Mot. for Sanctions 4–5. In July 2021, after receiving Plaintiffs' original discovery requests, Southwestern began moving boxes of documents from the Enforcement Center in preparation for a transfer of operation from Southwestern to Johnson County to occur on August 31, 2021. *See* Decl. of Nathaniel Quarterman ¶ 4 [135]. According to Plaintiffs, Defendants failed to notify Plaintiffs of the movement of documents, failed to search for documents before moving them, and delayed their discovery responses in an attempt to conceal documents from discovery by moving them into storage. Plaintiffs now seek an order for sanctions "including but not limited to an award of attorneys' fees for Plaintiffs, and an order that Defendants forthwith produce all documents responsive to the document requests, regardless of the expense and alleged difficulties." Pls.' Mot. for Sanctions 7.

#### A. *Legal Standards for Discovery Sanctions*

Courts may award sanctions under Federal Rule of Civil Procedure 37 for failure to comply with discovery obligations. Rule 37(a)(5)(A) requires a Court to grant a request

MEMORANDUM OPINION AND ORDER – PAGE 9

for reasonable expenses incurred in making a successful motion to compel, except a Court must not grant expenses where the movant prematurely sought judicial intervention, the opposing party's objections were "substantially justified," or an award of expenses is unjust. FED. R. CIV. P. 37(a)(5)(A). If the motion is granted in part and denied in part, the court may apportion expenses for the motion at its discretion. FED. R. CIV. P. 37(a)(5)(C). A court may also enter sanctions pursuant to its inherent powers, under which it has "the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal quotation marks omitted). When considering whether to impose discovery sanctions, courts consider "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza*, 448 F.3d 294, 299–300 (5th Cir. 2006).

Additionally, courts may award sanctions for spoliation of evidence. "A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). Upon a showing of bad conduct or bad faith, which "generally means destruction for the purpose of hiding adverse evidence," the Fifth Circuit "permit[s] an adverse inference . . . or sanctions against the spoliator." *Id.*

### B.  The Court Declines to Award Sanctions

Considering the entirety of the discovery dispute on this motion and the broad nature of the original discovery requests, the Court determines that a sanctions award would not

serve the interest of justice. The record shows that about two months after first receiving Plaintiffs' broadly written discovery requests, Southwestern had to remove its records from the Enforcement Center due to a transfer of control unrelated to this lawsuit. At least under these circumstances, delay alone does not warrant discovery sanctions. The record does not disclose evidence that Defendants actually destroyed or have otherwise failed to produce documents. The specific category of documents Plaintiffs identify as missing appears to have been produced since the filing of these motions. *Compare* Pls.' App. 24 (Defendants' responses and objections regarding requests for "housing control logs"), *with* Defs.' Suppl. Resp. Br. 6 (stating "SWC produced all responsive documents that it located"). Accordingly, the Court denies the motion for sanctions and declines to enter a sanctions order regarding further document production or an award of attorneys' fees.

## CONCLUSION

In sum, the Court grants the motion to compel production of the following documents: (1) profit and loss statements for Southwestern for the years 2012, 2013, and 2014; and (2) profit and loss statements for the Enforcement Center for the years 2012, 2013, and 2014. The Court denies the motion to compel as to all other documents. Additionally, the Court orders Defendants to produce all remaining responsive documents within fourteen days of the date of this Order. Finally, the Court denies the motion for sanctions.

Signed April 7, 2022.

David C. Godbey
United States District Judge