IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY MCELVY, *et al.*, § § Plaintiffs, § § v. § § SOUTHEWESTERN § CORRECTIONAL, LLC, *et al.*, § § Defendants. § | Civil Action No. 3:19-CV-1264-N |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant William Wagner's motion to dismiss [174]. For the following reasons, the Court grants in part and denies in part the motion.

### I. ORIGINS OF THE DISPUTE

Plaintiffs Kyra McElvy, Gregory McElvy, Sr., and Tina McElvy filed this lawsuit against LaSalle Management Company, LLC ("LaSalle"), Southwestern Correctional LLC ("Southwestern"), and several individual defendants, including Wagner, six years after Gregory McElvy ("Decedent") died while in custody at the Johnson County Enforcement Center (the "Enforcement Center"). Pls.' Third Am. Compl. ¶¶ 1–3 [73]. Plaintiffs' complaint alleges that LaSalle and Southwestern, together with the individual defendants, engaged in civil rights violations that resulted in Decedent's death by failing to provide timely medical care.

ORDER – PAGE 1

Police arrested Decedent in 2013 and took him to the Enforcement Center.¹ *Id.* ¶¶ 1–2. At intake, Decedent informed the Enforcement Center staff that he suffered from asthma and that he used heroin. *Id.* The next day, Decedent began complaining that he could not breathe due to heroin withdrawal and asthma. *Id.* According to Plaintiffs, Decedent repeatedly asked for medical assistance over the following days as his condition deteriorated but the Enforcement Center staff did not provide medical treatment or transfer him to the infirmary. *Id.* Two days after his arrest, Decedent stopped breathing and was taken to a hospital where he was pronounced dead. *Id.* ¶¶ 2–3.

According to Plaintiffs, unnamed representatives of the jail first told T. McElvy and her sister during separate telephone calls that Decedent died from swallowing a bag of drugs during his arrest. *Id.* ¶ 27. When jail officials then refused to disclose information to G. McElvy by phone, he drove to the jail, where an unnamed employee told him Decedent "had some sort of an asthma attack, had been given an inhaler" and then died. *Id.* ¶ 28. Plaintiffs later learned the medical examiner determined Decedent died of "'natural causes' as a result of asthma complicated by acute bronchopneumonia" and that the Johnson County Sheriff stated "the doctors told him that there was nothing they could do when [Decedent] became ill." *Id.* ¶ 29. Plaintiffs claim they "accepted the conclusion that asthma had been the true cause of [Decedent's] death and that the doctors in the jail could not have done anything to save [his] life" until a reporter contacted them

---

¹ The Court takes the well-pleaded allegations as true for the purpose of the Rule 12(b)(6) motion.

in 2018 regarding her investigation of an alleged pattern of inmate deaths at facilities operated by the corporate defendants. *Id.* ¶ 29–30.

Plaintiffs filed this lawsuit on May 24, 2019 raising federal claims under 42 U.S.C. § 1983 and state law claims for wrongful death, negligence, and gross negligence. Among other defendants, Plaintiffs brought these claims against William Wagner, a correctional officer at the Enforcement Center who allegedly observed Decedent's deteriorating condition while he was in custody. Pls.' Third Am. Compl. ¶ 18. Wagner now moves to dismiss all claims against him.[2]

## II. Rule 12(b)(6) Legal Standard

When ruling on a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a

---

[2] The Court first addressed a motion to dismiss [84] filed by LaSalle, Southwestern, and individual defendants Kelli Burk, Wilson Wimberley, and Joann Russell. The Court partially granted that motion, dismissing all claims against LaSalle, Burk, and Wimberley and some claims against Southwestern and Russell. Mem. Op. and Order, Oct. 29, 2021 [132]. Later, the Court partially granted a separate motion to dismiss filed by individual defendant Chris Eller. Mot. to Dismiss [108]; Mem. Op. and Order, Mar. 22, 2022 [179].

ORDER – PAGE 3

court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III. NOT ALL OF PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The Supreme Court has held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the general statute of limitations for personal injury actions is two years. *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998). The time of accrual begins when the "'plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). Further, the Texas statute of limitations for wrongful death claims is two years and the claim accrues on the date of death. TEX. CIV. PRAC. & REM. CODE § 16.003(b). Because Decedent died in 2013 and

ORDER – PAGE 4

this case was filed in 2019, all of Plaintiffs' claims, including the pendant state law claims, are facially barred by limitations unless Plaintiffs have adequately pled a basis for tolling. The statute of limitations may be tolled due to disability, fraudulent concealment, or the discovery rule.

### A.  *Plaintiffs Have Not Sufficiently Pled Fraudulent Concealment by Wagner*

"Allegations of fraudulent concealment must satisfy the Rule 9(b) requirements." *In re Energy Transfer Partners Nat. Gas Litig.*, 2009 WL 2633781, at *13 (S.D. Tex. 2009) (unpub.); *see also Aperia Sols., Inc. v. OLB Grp., Inc.*, 2020 WL 4431945, at *7 (N.D. Tex. 2020) (unpub.). Rule 9(b) states that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "'At a minimum', this Rule requires [Plaintiffs] to plead the 'who, what, where, when, and how of the alleged fraud,' and 'where allegations are based on information and belief, the complaint must set forth a factual basis for such belief.'" *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Plaintiffs must satisfy Rule 9(b) with respect to each defendant to successfully plead fraudulent concealment. *See In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, 988 F. Supp. 2d 696, 722–23 (E.D. La. 2013).

Here, Plaintiffs' allegations do not adequately state the circumstances constituting fraudulent concealment on the part of Wagner for the same reasons the Court held Plaintiffs had not pled fraudulent concealment by other individual defendants. In its prior Orders, the Court identified several possible bases for fraudulent concealment alleged in

ORDER – PAGE 5

the complaint and discussed each of them separately. *See* Mem. Op. and Order, Oct. 29, 2021, at 4–9 [132]. These bases included: (1) a phone conversation between T. McElvy and an unnamed nurse employed by Southwestern; (2) G. McElvy's conversations over the phone and in person with unnamed jail employees; (3) a newspaper story including allegedly false statements made by Sheriff Alford and the medical examiner; (4) allegations that LaSalle and Southwestern sought to conceal their misconduct by firing a nonparty nurses' aide; (5) allegations that Defendants as a group circulated a false account of Decedent's cause of death; and (6) participation in a group fraud.[3] *Id.* For various reasons, the Court held Plaintiffs failed to allege fraud with sufficient particularity against the movants with one exception: the alleged fraud committed by Southwestern through statements made by an unnamed nurse to T. McElvy. The Court then dismissed all G. McElvy and T. McElvy's claims against individual defendants Burk, Russell, and Wimberley (and later, Eller) as time barred.

For the same reasons, Plaintiffs have not adequately pled fraudulent concealment by Wagner. Plaintiffs have not pled facts showing that any alleged fraudulent statements are attributable to Wagner or that he participated in a fraud. *See* Pl.'s Resp. Br. 13–14 [183] (listing fraudulent concealment allegations that fail to describe any participation by Wagner in a fraud). Nor have Plaintiffs pled fraud by nondisclosure as to Wagner.

---

[3] The Court held Plaintiffs had not pled participation in a fraud by any named movant except for Southwestern, declining to decide if participation in a group's fraudulent scheme is a cognizable legal theory for pleading fraudulent concealment in the Fifth Circuit. Mem. Op. and Order, Oct. 29, 2021, at 8–9. Here too, the Court need not decide whether a plaintiff can plead fraudulent concealment in this way, because the fraudulent concealment allegations listed in Plaintiffs' response do not describe Wagner's participation in a fraudulent scheme. *See* Pl.'s Resp. Br. 13–14 [183].

ORDER – PAGE 6

Plaintiffs have not alleged that Wagner participated in a conversation with any plaintiff, and even if he had, there would have been no duty to disclose.[4] Thus, Plaintiffs have not pled fraudulent concealment with the specificity required by Rule 9(b) as to Wagner.

### B. The Discovery Rule Does Not Apply Because Plaintiffs' Injuries Are Not Inherently Undiscoverable

In their response, Plaintiffs raise the discovery rule as an alternative reason to toll the statute of limitations in this case.[5] However, the discovery rule does not apply to the causes of action here. The discovery rule defers accrual of a cause of action only where "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Cosgrave v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). Inherently undiscoverable injuries are those which, by their very nature, are "unlikely to be discovered within the prescribed limitations period despite due diligence." *Beavers. v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001)). "The inquiry focuses categorically on

---

[4] As explained in the Court's previous Order, the operators of the jail did not owe G. McElvy a duty to disclose. Mem. Op. and Order, Oct. 29, 2021, at 6–7; *see* Robinson v. Webster Cnty., 825 F. App'x. 192, 195–96 (5th Cir. 2020) (unpub.) (noting there is no special relationship between the state and an inmate's wife because special relationships with prisoners are based on the state's restriction of a person's liberty and ability to act on the prisoner's own behalf).

[5] The discovery rule need not be specifically pled in the complaint to survive a motion to dismiss in federal court. *Levels v. Merlino*, 969 F. Supp. 2d 704, 721 (N.D. Tex. 2013). Plaintiffs meet their pleading burden by pleading "sufficient facts to put the defendant on notice of the theories on which the complaint is based." *Id.* Here, the complaint repeatedly alleges facts to support Plaintiffs' argument that they could not discover their cause of action for various reasons. This is sufficient to put Defendants on notice of the discovery rule theory advanced by Plaintiffs.

ORDER – PAGE 7

the type of injury alleged rather than on the circumstances of the particular case." *Id.* Texas law is explicit that wrongful death actions accrue at the time of death, and that wrongful death and the related causes of action here are not inherently undiscoverable. *Estate of Mott v. FCA US LLC*, 2019 WL 1765588, at *2 (S.D. Tex. 2019) (unpub.) (The "Texas Supreme Court has explicitly held that the discovery rule does not apply to actions resulting in death.") (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 350 (Tex. 1990)).  Because G. McElvy and T. McElvy have not successfully pled any basis to toll the statute of limitations as to their claims against Wagner, the Court dismisses all their claims (including pendant state law claims) against him.

K. McElvy has pled disability to toll the statute of limitations, and Defendants do not contest this argument.  Pls.' Third Am. Compl. ¶ 6 ("Kyra McElvy . . . was a minor at the time of filing this lawsuit [and] turned eighteen (18) years of age on February 20, 2020 . . . ."); TEX. CIV. PRAC. & REM. CODE § 16.001.  Therefore, the statute of limitations does not bar her claims against Wagner.

### IV. PLAINTIFFS HAVE NOT STATED A FAILURE TO TRAIN CLAIM AGAINST WAGNER

As the Court held in its prior Order, Plaintiffs have not stated a claim for failure to train or supervise.[6]  To state a claim for failure to train or supervise under a theory of

---

[6] It is not clear from the complaint whether Plaintiffs advance a claim against Wagner for failure to train or supervise.  *See* Pls.' Third Am. Compl. ¶ 47.  Plaintiffs mention Wagner once as a "supervisor[] of the duty officers," but it's unclear if the failure to supervise claims are directed at Wagner or why Wagner's position would involve a duty to supervise or train others.  *Id.*  Additionally, Plaintiffs do not respond directly to Wagner's arguments directed at Plaintiffs' failure to train claim.  *See* Pls.' Respl. Br.  However, because any section 1983 claims against Wagner for failure to train or

ORDER – PAGE 8

deliberate indifference, Plaintiffs must allege that: "(1) [the defendant's] training policy procedures were inadequate, (2) [the defendant] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused" Plaintiffs' injuries.  *Sanders-Bern v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010).  Under the second element, a plaintiff must show that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need."  *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Generally, inadequate training requires a showing of a pattern.  *Connick v. Thompson*, 563 U.S. 51, 62–63 (2011); *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 382–83, 382 n.34 (5th Cir. 2005) ("Notice of a pattern of *similar* violations is required.") (emphasis in original).  To establish deliberate indifference, "there must be 'actual or constructive notice' 'that a *particular omission* in their training program causes . . . employees to violate citizens' constitutional rights' and the actor nevertheless 'choose[s] to retain that program.'"  *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 61) (emphasis added).  In *Connick*, the Supreme Court held that a pattern of *Brady* violations by a single prosecutor's office did not establish a sufficiently similar pattern of constitutional violations to support a failure

---

supervise would fail for reasons explained in this section, it is unnecessary for the Court to reach these issues.

ORDER – PAGE 9

to train claim because the past violations did not involve failure to disclose the same type of evidence. *Connick*, 563 U.S. at 62–63.

To the extent Plaintiffs assert a claim for failure to train or supervise against Wagner at all, *see* Pl.'s Third Am. Compl. ¶ 47, the claim fails for the same reasons as the claims against other defendants: the complaint does not allege a pattern of sufficiently similar constitutional violations to satisfy the exacting standard set by the Supreme Court for failure to train claims. Plaintiffs allege that there have been ten inmate deaths at facilities operated by Southwestern between October 2010 and June 2019 resulting from inadequate medical care, but the complaint does not allege facts showing Wagner or any other defendant failed to treat drug withdrawals adequately beyond the incident giving rise to this lawsuit. Therefore, the Court dismisses Plaintiffs' claims for failure to train or supervise against Wagner.

## V. PLAINTIFFS HAVE STATED A SECTION 1983 CLAIM AGAINST WAGNER

To state a claim against an individual under section 1983, a plaintiff must allege facts showing how each individual defendant participated in the alleged deprivation of a person's constitutional rights. *Palm v. Marr*, 174 F. Supp. 2d 484, 488 (N.D. Tex. 2001) (citing *Lonzano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A prison or jail official can be found liable under the Fourteenth Amendment for acting with deliberate indifference to a pretrial detainee's medical needs. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). A prison or jail official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

ORDER – PAGE 10

harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The complaint alleges that Wagner personally witnessed Decedent's deteriorating medical condition and failed to ensure he obtained medical assistance despite hearing his pleas for help. Pls.' Third Am. Compl. ¶ 18. Even with this alleged awareness of Decedent's condition, Wagner allegedly failed to ensure Decedent received treatment. *Id.* These factual allegations against Wagner are specific enough to state a plausible claim that he possessed the requisite awareness of the risk of harm and exhibited deliberate indifference to Decedent's constitutional rights. Accordingly, the Court denies the motion to dismiss the remaining section 1983 claim against Wagner.

## VI. Plaintiffs Have Sufficiently Pled State Law Claims Against Wagner

Common law negligence requires proof of (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) damages proximately resulting from the breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). Wagner argues dismissal of the negligence claim against him is proper (as it was for some other defendants in this case) because Plaintiffs have not pled facts showing Wagner's individual involvement in Decedent's medical care. However, Plaintiffs have pled that Wagner personally observed Decedent's condition but failed to ensure he received medical care for a condition that resulted in his death. These allegations are sufficient to state a claim for negligence. Accordingly, the Court denies the motion to dismiss the negligence claim against Wagner.

Gross negligence includes an objective and a subjective element and requires the plaintiff to prove:

> 1) when viewed objectively from the defendant's standpoint at the time of the event, [defendant's] act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*U-Haul Int'l., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). For the same reasons explained above in the analysis of Plaintiffs' federal claims based on deliberate indifference to Decedent's constitutional rights, the factual allegations against Wagner are sufficiently detailed to state a gross negligence claim. Accordingly, the Court denies the motion to dismiss the gross negligence claim against Wagner.

Under Texas law, a plaintiff can recover for wrongful death if the death "was caused by the [defendant's] or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE § 71.002. To recover on a wrongful death claim for a section 1983 violation, a plaintiff must prove "both the alleged constitutional deprivation required by § 1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute." *Montano v. Orange Cnty.*, 842 F.3d 865, 882 (5th Cir. 2016). Plaintiffs have successfully pled negligence, gross negligence, and section 1983 claims against Wagner along with a plausible causal link between the failure to provide medical care and Decedent's death in custody. Thus, the Court denies the motion to dismiss the wrongful death claim against Wagner.

### VII. PLAINTIFFS HAVE NOT STATED A FIFTH OR EIGHTH AMENDMENT CLAIM

Finally, the Court addresses Plaintiffs' constitutional claims under the Fifth and Eighth Amendments. Because Decedent was being held pretrial, the source of his constitutional rights to adequate medical care was the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (noting the different sources of constitutional rights of pretrial detainees and convicted inmates); *Hare v. City of Corinth*, 74 F.3d 633, 648–49 (5th Cir. 1996) (same). Additionally, the Fifth Amendment's Due Process Clause protections apply only against the federal government, and Plaintiffs do not explain how any other clause of the Fifth Amendment applies to their claims against Wagner. *Hill v. Walker*, 718 F. App'x 243, 247 (5th Cir. 2018) (per curiam) (unpub.) (citing *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)). For the reasons above, the Court dismisses Plaintiffs' claims against Wagner based on Eighth Amendment and Fifth Amendment violations.

### CONCLUSION

Gregory McElvy, Sr.'s and Tina McElvy's claims against Wagner are barred by the statute of limitations. The Court grants Wagner's motion to dismiss all section 1983 claims against him based on a failure to train or supervise. Because the factual allegations against Wagner in the complaint are sufficiently detailed, the Court denies the motion to dismiss Kyra McElvy's state law claims and remaining section 1983 claim against Wagner. Finally, the Court grants the motion to dismiss all claims against Wagner based on the Fifth and Eighth Amendments.

Signed August 17, 2022.

_____
David C. Godbey
United States District Judge