IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GREGORY MCELVY, *et. al.*,        §
                                  §
        Plaintiffs,               §
                                  §
v.                                §        Civil Action No. 3:19-CV-1264-N
                                  §
SOUTHWESTERN                      §
CORRECTIONAL, LLC, *et. al.*,     §
                                  §
        Defendants.               §

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' motion to compel discovery and for sanctions [200]. For the following reasons, the Court denies the motion to compel and the motion for sanctions.  The Court, however, orders that within 30 days of this order, the Defendants will provide final supplemental responses to the Plaintiffs' requests for admission, stating with finality their inability to locate any outstanding requested discovery materials.

## I. THE DISCOVERY DISPUTE

Plaintiffs filed this lawsuit against various parties alleging civil rights violations related to the death of Gregory McElvy while he was in custody at a jail in Johnson County, Texas.  Pls.' Third Am. Compel. ¶¶ 1–3 [73].  On August 1, 2023, Plaintiffs filed this motion to request the Court to compel production of documents relating to (1) training of non-medical staff to recognize medical emergencies, (2) notes or records of monthly health service meetings and other regular oversight meetings, (3) Southwestern Correctional, LLC's ("SWC") compliance with protocols for treatment of withdrawal, nausea, and

MEMORANDUM OPINION AND ORDER – PAGE 1

diarrhea, and (4) video footage of McElvy in his cell.  Pls.' Mot. to Compel, 3-4 [200].

Plaintiffs submitted six separate requests for production of these documents, narrowing

their production requests in each subsequent request in response to Defendants' objections

to the burdensome nature of the requests.  *See generally* Pls.' App. Mot. to Compel 1-126

[201].  Plaintiffs admit the Defendants have produced some training materials, but none

are relevant to the type of training called for by Policy No. J-C04.[1]  Pls.' Mot. to Compel

10.  Plaintiffs protest Defendants' repeated responses for the past two years that they are

still searching for the requested discovery and will supplement if found, characterizing the

responses as "utterly evasive."  *Id.* at 4.

Defendants, in response to this complaint, gave reasonable explanations as to their

difficulty in locating requested discovery including: (1) the age of documents when first

requested, (2) that documents had been purged pursuant to the public retention policies for

Texas, (3) SWC's ceased operations of the Johnson County Jail and movement of

computers and thousands of documents to a warehouse in Haskell, Texas, (4) lack of access

to training personnel and supervisors with personal knowledge of training from a time prior

to September 2013, (5) misfiled videos, and (6) technologically incompatible or corrupted

videos.  Defs.' App. Resp. Mot. to Compel ¶¶ 6-7, 15, 20 [206].  Despite these many

hurdles, in their response, Defendants admit to locating applicable training materials and

---

[1] This policy, which was in place in 2013 when the McElvy's death occurred, requires "all non-medical staff who work with inmates/detainees shall receive health-related training" and that the "[t]raining will be provided upon hire and annually thereafter. Pls.' App. Mot. to Compel 258 [201]. The policy further requires that "[a] certificate or other evidence of attendance will be kept on-site for each employee in their training file. *Id.* at 259.

MEMORANDUM OPINION AND ORDER – PAGE 2

requested video, and they plan to supplement shortly.  Defs.' Resp. Mot. to Compel 15; Defs.' App. Resp. Mot. to Compel ¶ 21.  Additionally, Defendants admit their inability to locate monthly healthcare meeting documents in their search through the warehouse documents.  Defs.' Resp. Mot. to Compel 16.  Lastly, Plaintiffs requested that if responsive documents could not be found, the Court order Defendants to identify one or more persons who can testify that trainings occurred.  Pls.' Mot. to Compel 18.  But as stated above, Defendants admit in their response that they no longer have access to training personnel with personal knowledge of training from 2013 and that "[a]ny SWC employees in 2021 who were also employed in September 2013 would have been junior correctional officers who were not involved in training prior to September 2013."  Defs. App. Resp. Mot. to Compel 15.

## II.  LEGAL STANDARD FOR MOTION TO COMPEL

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control."  FED. R. CIV. P. 34(a).  To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  FED. R. CIV. P. 37(a)(3).  The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement.  *McLeod, Alexander, Powel & Apffel, P.C. v.*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT DENIES THE PLAINTIFFS' MOTION TO COMPEL
#### A. The Defendants Plan to Supplement the Materials in Their Possession

Plaintiffs request that the Court compels Defendants to produce the requested documents of trainings and health meetings, videos of McElvy in his cell, and the identities of people who can testify that the meetings occurred. Pls.' Mot. to Compel 3 & 18. As previously stated in their response, the Defendants admit they have applicable training documents and cell surveillance videos in their possession. Defs.' Resp. Mot. to Compel 15; Defs.' App. Resp. Mot. to Compel ¶ 21. They insist they plan to supplement these materials shortly. *Id.* Additionally, the Defendants admit they could not locate the documents of health meetings and they do not have access to personnel with personal knowledge of the training. Defs.' Resp. Mot. to Compel 16. The Court sees no reason to order compulsion for documents already promised to be supplemented and cannot compel

a party to produce discovery not in the Defendants' possession, custody, or control. Furthermore, it seems likely that the identities that Plaintiffs requested will be easily attainable in the supplemented materials, which precludes the need for the Court's involvement.

Nevertheless, the Court agrees with Plaintiffs that the Defendants cannot claim they are still searching in perpetuity in response to Plaintiffs' requests for admissions. Hence, within 30 days of this Order, Defendants will supplement responses for Plaintiff's requests for admissions to admit their inability to locate any outstanding requested discovery materials.

### III. THE COURT DENIES THE MOTION FOR SANCTIONS
#### A. The Court's Authority to Impose Sanctions

District courts have power under various provisions of the Federal Rules of Civil Procedure, see, e.g., FED. R. CIV. P. 11, 26, 37, as well as an inherent authority "to punish bad faith conduct occurring during litigation." *Thomas v. Napolitano*, 2012 WL 13019644, at *2 (N.D. Tex. 2012). Courts "wield their various sanction powers at their broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993) (collecting cases).

When considering whether to impose discovery sanctions, courts consider "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza*, 448 F.3d 294, 299–300 (5th Cir. 2006). The Court "should impose only that sanction which is the least severe way to

effect compliance with the court's discovery orders." *Id.* at 300 (quoting *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000)).

### B. Defendants' Conduct Does Not Warrant Sanctions

Plaintiffs ask the Court to overrule Defendants' objections to their requests for admissions and deem them all admitted. Pls.' Mot. to Compel 18, 20, & 25. Defendants point out the difficulty in "admit[ting] the contents of a document or file that has not been located or has been purged pursuant to record retention policies." Defs.' Resp. Mot. to Compel 23; *See* Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.") Furthermore, as discussed above, Defendants provided reasonable explanations why certain discovery requests have not been produced, which supports a conclusion that all objections were made in good faith and should not be overruled. Accordingly, the Court denies the Plaintiffs' request for sanctions.

### CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion to compel and motion for sanctions. The Court, however, orders Defendants to supplement their responses to Plaintiffs' requests for admissions within 30 days of this order stating with finality their inability to locate any outstanding discovery requests.

MEMORANDUM OPINION AND ORDER – PAGE 6

Signed November 1, 2023.

David C. Godbey
United States District Judge